UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karandeep Singh<br>(A-Number: A-245-375-606),<br><br>        Petitioner,<br><br>    v.<br><br>Warden of Golden State Annex Facility, Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, Todd Blanche, Attorney General of the United States, U.S Immigration Customs Enforcement, U.S. Department of Homeland Security,<br><br>        Respondents. | No.  1:26-cv-04514-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Karandeep Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as

1

to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.  Respondents argue that this case is distinguishable because petitioner was issued an in absentia order of removal and, they assert, he is therefore subject to detention under 8 U.S.C. § 1231(a)(6).  See Doc. 6 at 5, 16.

Respondents indicate that petitioner failed to appear for his scheduled immigration hearing and was ordered removed in absentia on April 17, 2026.  *Id.* at 2.  Petitioner was subsequently detained by immigration authorities and filed an appeal of the in absentia removal order.  *Id.*  Respondents filed a motion for summary dismissal of petitioner's appeal, arguing that petitioner was required to file a motion to reopen, rather than an appeal to the Board of Immigration Appeals, to challenge the in absentia order of removal.  *Id.* at 1–5.

Although petitioner was ordered removed in absentia, petitioner is not subject to an administrative final order of removal.  "Section 1231(a) applies to detention after the entry of a final order of removal… Section 1231(a) does not apply to detention during the pendency of administrative or judicial removal proceedings. Section 1231 instead governs detention during a ninety-day 'removal period' after the conclusion of removal proceedings." *Avilez v. Garland*, 69 F.4th 525, 530–31 (9th Cir. 2023).  Although respondents argue that petitioner has not correctly challenged his in absentia order of removal, petitioner's order of removal is not yet administratively final.  The Ninth Circuit has held that:

> A removal order "become[s] final upon the earlier of (i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see* 8 C.F.R. § 1003.39. Because in absentia removal orders may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days of the order, 8 U.S.C. § 1229a(b)(5)(C)(i); *In re Guzman-Arguera*, 22 I. & N. Dec. at 723, if the petitioner does *not* timely file such a motion before the IJ the order becomes final at the end of the 180-day period. "[T]he period in which the alien is permitted to seek review of such order by the [BIA]" also expires at that time, *id.* § 1101(a)(47)(B)(ii), because, while the alien *could have* sought BIA review *after* first exhausting her motion to reopen before the IJ, once the petitioner fails to file a timely motion with the IJ under § 1229a(b)(5)(C)(i), the ability to ultimately appeal to the BIA expires along with the 180-day

deadline to seek reopening before the IJ.

*Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021) (holding that an in absentia removal order became final at the end of the 180-day deadline to file a motion to reopen with the immigration judge).

Petitioner's in absentia order of removal was issued on April 17, 2026.  Doc. 6 at 16.  As 180 days have not yet passed, the in absentia removal order is not administratively final.  Because petitioner's order of removal is not administratively final, petitioner's detention is not governed by 8 U.S.C. § 1231(a)(6).  *See Bonilla v. Hermosillo*, No. 2:25-CV-02196, 2025 WL 3237854, at *2 (W.D. Wash. Nov. 19, 2025) (in absentia removal order not final while appeal to the immigration judge's denial of the motion to reopen removal proceedings was pending); *Li v. Albarran*, No. 1:26-CV-00980-DAD-EFB, 2026 WL 970529, at *4 (E.D. Cal. Apr. 10, 2026) (same).

Respondents also argue that ICE was not required to comply with the governing procedures regarding the revocation of release because petitioner's attorney was served with the in absentia removal order.  Doc. 6 at 4 (arguing that under 8 C.F.R. § 241.4(g)(4), ICE is not required to "conduct a custody review under these procedures when [ICE] notifies the alien that it is ready to execute an order of removal.").  But, as noted above, petitioner's in absentia order of removal is not administratively final and there is no current basis to remove petitioner.  *See Pinedo-Rios v. Bondi*, No. 1:26-CV-01982-DJC-SCR, 2026 WL 1078249, at *3 (E.D. Cal. Apr. 21, 2026), report and recommendation adopted, No. 1:26-CV-01982-DJC-SCR, 2026 WL 1189187 (E.D. Cal. Apr. 30, 2026) (finding that there was no "lawful basis" to remove petitioner where the in absentia order of removal was not administratively final).  Therefore, the Court is unpersuaded that the in absentia order of removal could have notified petitioner that his release would be revoked.

While the in absentia order of removal may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, it does not eliminate petitioner's due process right to a such determination.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).  Courts typically require evidence of urgent concerns or an especially strong

government interest to justify a post-deprivation, rather than a pre-deprivation, hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents' records appear to show that the basis for detaining petitioner was the erroneous belief that petitioner was subject to a final order of removal. *See* Doc. 8 at 6–8. The record also shows that, *after* petitioner was ordered removed in absentia, petitioner "reported to 650 Capitol Mall, Sacramento," which contains federal immigration offices, and that ICE arrested him when he reported to that location as directed. *See* Doc. 8 at 7. Respondents do not identify any urgent concerns that would warrant a post-deprivation, rather than pre-deprivation, hearing in this case.

The Court incorporates its reasoning in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[1]

Respondents are ORDERED to release petitioner Karandeep Singh (A-Number: A-245-375-606) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]

---

[1] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

4

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    July 17, 2026

_____
UNITED STATES DISTRICT JUDGE